WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Jacobs, | No. CV-18-01628-PHX-JGZ (JR) |
|     Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
|     Respondents. | |

Pending before the Court is Respondents' Objection to Magistrate Judge Jacqueline Rateau's Order granting an evidentiary hearing with respect to the first claim in Petitioner Danny Jacobs's § 2254 habeas petition. (Doc. 17.) Petitioner, through counsel, filed a response. (Doc. 24.) For the following reasons, the Court will overrule Respondents' Objection in part.

**I.   Standard of Review**

A district court judge may reconsider any pretrial matter referred to a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 459 (D. Ariz. 2012). The decision to grant or deny an evidentiary hearing in habeas proceedings is reviewed for an abuse of discretion. *Estrada v. Scribner*, 512 F.3d 1227, 1235 (9th Cir. 2008) (citing *Schriro v. Landrigan*, 550 U.S. 465 (2007)).

## II. Background

In Ground One of his habeas petition, Jacobs asserts his trial counsel provided ineffective advice during plea negotiations causing "the loss of a beneficial plea of 8 months, and a needless prison sentence [of] 10 years." (Doc. 1, pp. 62-63, 106.) Jacobs alleges that he initially wanted to accept the plea offer which was extended in February 2014, but rejected it because counsel advised him that (1) the case would be dismissed if Jacobs told the victim not to testify and (2) the jury would acquit Jacobs based on sympathy. (*Id.* at pp. 62-63, 106.)

The magistrate judge found that Jacobs raised the ineffective assistance claim in his state post-conviction relief (PCR) petition, and that the state PCR court dismissed the claims as uncolorable. Although the magistrate judge concluded the dismissal was not a decision on the merits (Doc. 13, pp. 5), the magistrate judge nonetheless reviewed the state court record to determine if there was support for the dismissal, finding that there was little information to support the dismissal of the claim. The magistrate judge explained:

> [T]he record contains no information about Jacobs'[s] contention that counsel convinced him that [the victim's] refusal to testify at trial would get the case dismissed. There is also nothing from which the Court can evaluate Jacobs'[s] claim that his counsel believed him to be innocent, but was unprepared for trial. Based on the state record, the Court is unable to determine that Jacobs knowingly and voluntarily rejected the plea offer from the state.

(*Id.* at p. 10.)[1]

The magistrate judge also determined that Jacobs had asserted a colorable claim of

---

[1] Although the magistrate judge referenced Jacobs's allegation that trial counsel was unprepared for trial, that claim is not properly before the Court. The magistrate judge did not evaluate it as such and neither will this Court. While Jacobs's petition includes the factual allegation that trial counsel put no effort into trial preparation, did not prepare Jacobs for trial, did not contact witnesses on Jacobs's behalf or call witnesses on Jacobs's behalf at trial (Doc. 1, p. 63), Jacobs did not present this claim to the state courts on collateral review. Moreover, Jacobs does not argue that he is entitled to an evidentiary hearing as to these allegations. (*See* Doc. 24.) The magistrate judge ultimately granted Petitioner an evidentiary hearing only on his ineffective assistance of counsel claims related to plea negotiations (Doc. 13, p. 11), and Jacobs has not objected to the Magistrate Judge's conclusion. (*See* Doc. 24.

ineffective assistance of counsel, and had diligently attempted, during PCR proceedings, to establish a factual basis for his claim by requesting an evidentiary hearing and asserting that the record was devoid of any evidence related to his conversations about the plea with his counsel. (*Id*. at pp. 10-11.) Based on these considerations, the magistrate judge held that Jacobs is entitled to an evidentiary hearing on his claim that counsel convinced him not to accept the state's plea offer because he could get the case dismissed or because he would be acquitted at trial. (Doc. 13 at p. 11.)

Respondents object to the magistrate judge's decision, arguing that an evidentiary hearing would be contrary to the law stated in *Cullen v. Pinholster*, 563 U.S. 170 (2011). (Doc. 17.) Respondents assert that under *Pinholster*, Jacobs is not entitled to an evidentiary hearing because the state court rejected Jacobs's claims on the merits and because Jacobs fails to demonstrate that there was no reasonable basis for the state court's decision. (*Id*.)

### III. Discussion

*Pinholster* "effectively precludes federal evidentiary hearings" for federal habeas claims that were adjudicated on the merits in state court. *Gulbrandson v. Ryan*, 738 F.3d 976, 993-994 (9th Cir. 2013) (citing *Pinholster*, 563 U.S. at 187 n. 11). When the state court has adjudicated a claim on the merits, "petitioners can rely only on the record before the state court in order to satisfy the requirements of § 2254(d)."[2] *Id.* at 993 (citing *Pinholster*, 563 U.S. at 184 n.7). Generally, after *Pinholster* "[a]n evidentiary hearing may be appropriate . . . only if the district court first determines that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it." *Grecu v. Evans*, No. 07-0780-EMC, 2014 WL 5395783, at *17 (N.D. Cal. Oct. 22, 2014) (emphasis omitted).

---

[2] Section 2254(d) provides "an application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Even if the court determines an evidentiary hearing is warranted under *Pinholster*, the petitioner must also satisfy the requirements of § 2254(e)(2). *See Pinholster*, 563 U.S. at 186. Section 2254(e)(2) prohibits a hearing "unless . . . [the court] first determines that the petitioner exercised diligence in trying to develop the factual basis of the claim in state court." *Roseberry v. Ryan,* 289 F. Supp. 3d 1029, 1034 (D. Ariz. 2018) (citing *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). In addition, petitioner must allege a colorable claim for relief. *West v. Ryan,* 608 F.3d 477, 485 (9th Cir. 2010).

As the parties acknowledge, Jacobs's claim of ineffective assistance of counsel during plea negotiations was presented to the state court and denied on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). Where the state court denies relief on the merits without a reasoned opinion, the "habeas court must determine what arguments or theories . . . could have supported[] the state court's decision; and then it must ask [1] whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court," *Sully,* 725 F.3d at 1067, or (2) whether "an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004), *abrogated on other grounds as discussed in Murray (Robert) v. Schriro,* 745 F.3d 984, 999–1000 (9th Cir. 2014); *see also Richter,* 562 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

**A.     Advice to Reject Plea Agreement Based on the Victim not Testifying**

Jacobs fails to show that there is no reasonable basis for the state court's rejection of his claim that he would have accepted the state's plea offer but for his attorney's advice that the state would dismiss the case if the victim did not testify. As detailed in the report

- 4 -

and recommendation, the state court record shows that at a February 26, 2014 settlement conference, Jacobs was fully informed that even if the victim refused to testify, the state could and would proceed against him on the kidnapping charge, and that would expose Jacobs to a minimum sentence of 10 years' imprisonment. The prosecutor stated that she intended to proceed without the victim's testimony, and she explained in detail how the state would prove its case. At the conference, the judge emphasized that if Jacobs did not take the plea, the minimum sentence he would receive after a trial would be 10 years. Jacobs's rejection of two[3] favorable plea offers after having been fully informed about the state's proof and intent to proceed without the victim's testimony, and the likely sentence he would receive if he did not prevail at trial, undercuts his argument that, but for the ineffective advice of counsel about the necessity of the victim's testimony, there is a reasonable probability that he would have accepted the plea offer. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Because the state court decision is supported by the record, Jacobs is not entitled to an evidentiary hearing as to this portion of his claim of ineffective assistance of counsel.[4] *See Pinholster*, 563 U.S. 170.

**B.     Advice to Reject Plea Agreement because the Jury Would Acquit Based on Sympathy**

The Court finds no basis in the record to support the state court's denial of Jacobs's claim that he rejected a favorable plea offer based on counsel's incorrect advice that the jury would acquit him based on sympathy. Respondents argue that the record shows that Jacobs rejected the plea offer because he did not want to be a felon and because the prosecutor was "not interested" in giving him credit for time served.  (Doc. 17, p. 7 (citing Doc. 8, Exh. B, at 13; Exh. C, at 5).)  The portions of the record cited by Respondents do not support their assertion. In Exhibit B, the transcript of the February 26, 2014 settlement

---

[3] In February 2014, the state extended a plea offer which would have required Jacobs to serve a one-year jail term with no credit for time served. (Doc. 8-2, p. 148.) In April 2014, the state extended a plea offer which would have required Jacobs to serve eight months in jail. (Doc. 8-1, pp. 42-43.)

[4] Notably Jacobs does not oppose the Respondents' objection to the R&R as it pertains to this part of his ineffective assistance claim.

conference, Jacobs said that he doesn't want to be a felon and he was acting as a father; he does not say that he would not accept the plea agreement because it would result in a felony conviction. In Exhibit C, the transcript of the April 23, 2014 hearing, the prosecutor states that she believed Jacobs was inclined to accept the plea offer when it was initially extended in February "if I gave him credit for time served. I was not interested in doing that." (Doc. 8-1, p. 43.) The prosecutor's belief as to Jacobs's motivation for rejecting the plea offer does not provide a basis from which the state court could evaluate Jacobs's claim. Moreover, Jacobs later rejected a plea offer that did give him credit for time served.

Taking the allegations before the state court as true, the Court finds colorable Jacobs's claim that he rejected a plea offer based on counsel's legally erroneous advice that the jury would feel sympathy for and acquit him. Sympathy is not a valid reason for a jury to acquit a criminal defendant, *see State v. Goodyear*, 404 P.2d 397, 414 (Ariz. 1965), impliedly overruled on other grounds by *Bruton v. United States,* 391 U.S. 123 (1968), and the disparity between the probation or eight-month sentence that was possible and the 10-year sentence that was mandatory after trial gives rise to a reasonable probability that Jacobs would have accepted the plea offer. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (a petitioner shows prejudice from deficient advice that led him to reject a favorable plea offer if he can show a "reasonable probability that the plea offer would have been presented to the court . . ., the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed.") As there is no basis in the record which would support the state court's denial of Jacobs's claim, and as Jacobs sought to develop the factual basis for his claim in state court, the Court agrees with the magistrate judge that Jacobs is entitled to an evidentiary hearing.

**IV.  Conclusion**

For the foregoing reasons,

IT IS ORDERED that Respondents' Objection to Order Granting Evidentiary Hearing (Doc. 17) is OVERRULED in part. Jacobs's is entitled to an evidentiary hearing

on his claim that he rejected the plea offer based on counsel's erroneous advice that the jury would feel sympathy for and acquit him. This matter is returned to Magistrate Judge Rateau for further proceedings consistent with this Order.

Dated this 14th day of January, 2021.

Honorable Jennifer G. Zipps
United States District Judge