**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Jacobs, | No. CV-18-01628-PHX-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court are Petitioner Danny Jacobs' Motion for Leave to Amend Petition for a Writ of Habeas Corpus (Doc. 57) and Petitioner's Motion for Authorization for Counsel to Appear in Ancillary State-Court Proceedings. (Doc. 58.) The State Respondents timely responded. (Doc. 59.) Petitioner replied and filed a sealed declaration in support. (Docs. 60, 64.) Respondents have moved to strike the declaration. (Doc. 65.) For the following reasons, the Court will deny the Motion to Amend, grant the Motion to Appear, and deny the Motion to Strike as moot.

**I.     Background**

On May 29, 2018, Petitioner filed a Petition for Writ of Habeas Corpus asserting three grounds for relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) On September 28, 2021, the Court dismissed Grounds Two and Three, denied Ground One, and dismissed the Petition, declining to issue a certificate of appealability (COA) as to all three grounds. (Doc. 51.) On June 10, 2022, the Ninth Circuit denied Petitioner's request for a COA. (Doc. 55.)

On September 8, 2022, Petitioner filed the instant Motion, seeking leave, pursuant to 28 U.S.C. § 2242 and Federal Rule of Civil Procedure 15(a)(2), to file an amended petition that would add a fourth ground for relief—actual innocence. Petitioner asserts that his conduct was not criminal at the time of its commission, and that the Arizona Court of Appeals' retroactive expansion of the scope of liability for kidnapping in his direct appeal was unexpected and indefensible. (Doc. 57-1 at 12.) Petitioner acknowledges that Ground Four is procedurally defaulted because the claim has not yet been raised in the state courts. It is for this purpose that he requests the Court authorize the appointment of the Federal Public Defender's Office to represent him in state post-conviction proceedings under Arizona Rule of Criminal Procedure 32.1(h). (Doc. 58 at 3.) Further, Petitioner acknowledges that his amended petition is jurisdictionally barred by 28 U.S.C. § 2244, under current Ninth Circuit precedent, but requests that the Court issue a COA so that he "may bring the circuit split to the attention of the higher courts." (Doc. 57 at 1.)

**II.     Discussion**

    **A. Motion for Leave to Amend**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a "stringent set of procedures" that a prisoner must follow if they wish to file a "second or successive" habeas corpus application challenging the constitutionality of their custody. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Under 28 U.S.C. § 2244(b)(1), a claim presented in a "second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(2) provides two exceptions for claims not presented in a prior application, but section 2244(b)(3)(A) requires a petitioner to move the appropriate court of appeals for an order authorizing the district court to consider the application before a second or successive habeas petition may be filed. *Colbert v. Hyanes*, 954 F.3d 1232, 1235 (9th Cir. 2020). The authorization requirement is jurisdictional. *Cooper v. Calderon*, 274 F.3d 1270, 1274–75 (9th Cir. 2001) (per curiam). The "restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" *Felker v.*

*Turpin*, 518 U.S. 651, 644 (1996). The doctrine of abuse of the writ "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

"'Second or successive' is a term of art in habeas corpus law." *Goodrum v. Busby*, 824 F.3d 1188, 1193 (9th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)). In the Ninth Circuit, a habeas petition, or a motion for leave to amend a habeas petition, is deemed second or successive if it is filed after a prior petition has been "finally adjudicated." *Id*. If a petition remains pending in the district court, a newly filed petition or motion to amend is not second or successive and the court has jurisdiction to consider it. *Id.* at 1194. However, once a district court has denied a habeas petition—even if that denial remains pending before the court of appeals—it is considered finally adjudicated and any newly filed petition is deemed to be an unauthorized second or successive petition. *Balbuena v. Sullivan*, 980 F.3d 619, 636 (9th Cir. 2020) (citing *Beaty v. Schriro*, 554 F.3d 780, 782–783 (9th Cir. 2009)). If a petitioner does not move for leave to amend until after the district court has denied their claims, they are required to satisfy the requirements for successive petitions under § 2244(b) and obtain authorization from the court of appeals. *Beaty*, 554 F.3d at 782–83. If the petitioner fails to do so, the district court lacks jurisdiction to consider any new claim. *Balbuena*, 980 F.3d at 637.

Here, Petitioner presents a new claim of actual innocence, Ground Four, that was not presented in his prior habeas petition. However, Petitioner filed the Motion to Amend on September 8, 2022, nearly a year after his first petition was dismissed and denied on September 28, 2021, and three months after the Ninth Circuit declined to issue a COA on June 10, 2022. He did not obtain authorization from the Ninth Circuit prior to requesting leave to amend. As such, the Motion is an unauthorized second or successive petition and this Court lacks jurisdiction to permit any amendment. Both Petitioner and Respondents agree that the Court cannot grant leave to amend. (Doc. 57 at 1; Doc. 59 at 3.) Thus, the Court will deny the Motion to Amend.

### B. Certificate of Appealability

In a habeas corpus proceeding, the applicant may not appeal unless a circuit or district judge issues a COA under 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). Under § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court reviews the face of the complaint, accepting a petitioner's allegations as true, to determine whether the petitioner has facially alleged the denial of a constitutional right. *Lambright v. Stewart*, 220 F.3d 1022, 1025–26 (9th Cir. 2000).

When a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

Here, in Ground Four of the proposed amended petition, Petitioner alleges that his due process rights under the Fifth and Fourteenth Amendments were violated by the Arizona Court of Appeals' unforeseeable, retroactive expansion of the scope of liability for kidnapping. *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964) ("If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect." (internal quotation marks omitted)). Petitioner argues that, at the time of the incident, neither the statute nor the governing case law provided fair notice that his conduct could constitute using his child, D.J., "as a shield or hostage." *See* A.R.S. § 13-1304. As a result, he asserts that he is actually innocent of kidnapping because his conduct was non-criminal at the time he committed it.

Without reaching the merits of Ground Four, the Court finds that Petitioner has facially alleged the denial of a constitutional right because he asserts that he is actually innocent, a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

Thus, Petitioner has made a substantial showing of the denial of his Fifth and Fourteenth Amendment due process rights.

Next, the Court finds that reasonable jurists could debate its procedural ruling denying the Motion to Amend as an unauthorized second or successive petition because the circuit courts are divided on the issue of when a petition is finally adjudicated. Petitioner acknowledges that Ninth Circuit precedent, and that of four other circuits, holds that a habeas petition is finally adjudicated when the district court has entered judgment. (Doc. 57 at 9 (citing *Balbuena*, 980 F.3d at 636; *Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016); *Phillips v. United States*, 668 F.3d 433 (7th Cir. 2012); *William v. Norris*, 461 F.3d 999 (8th Cir. 2006); *Ochoa v. Simmons*, 485 F.3d 538 (10th Cir. 2007))). Yet Petitioner points to the Second and Third Circuits' holding that a habeas petition is not fully adjudicated while its denial is pending on appeal—or indeed, until the time to petition for certiorari has elapsed. (*Id.* at 10 (citing *Whab v. United States*, 408 F.3d 116, 120 (2d Cir. 2005) ("adjudication will not be final until petitioner's opportunity to seek review in the Supreme Court has expired"); *United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019) (AEDPA's one full opportunity to seek collateral review does not end until "petitioner exhausts her appellate remedies to no avail."))).

Here, time to seek certiorari from the Supreme Court to review the Ninth Circuit's June 10, 2022 denial of a COA expired on September 8, 2022—the same day that Petitioner filed the instant Motion to Amend. (Doc. 57-1 at 21.) If this Court were bound by Second or Third Circuit precedent, it would have jurisdiction to consider the amendment. Petitioner urges that "at least one Ninth Circuit judge agrees with the position of the Second and Third Circuits," and *Balbuena* "may be overruled by either the en banc Ninth Circuit or the Supreme Court." (Doc. 57 at 11.) Respondents argue that "when the Ninth Circuit decided *Balbuena*, the Court was well aware of the split of authority and explicitly rejected the reasoning in *Whab* and *Santarelli*." (Doc. 59 at 3.) However, the Respondents' argument misstates the "low bar" for issuance of a COA. *See Carter v. Davis*, 946 F.3d 489, 522 (9th Cir. 2019). The question is not whether an appellate court has addressed similar arguments,

but whether reasonable jurists would find the procedural ruling debatable. The fact that appellate courts have considered when a habeas petition is finally adjudicated and come to opposite conclusions demonstrates that the issue is fairly debatable.

Thus, the Court will issue a COA as to the procedural basis for its ruling denying the Motion to Amend as an unauthorized second or successive petition.

### C. Motion for Authorization to Appear

Petitioner requests that the Court authorize the Federal Public Defender of the District of Arizona to represent him in state-court post-conviction proceedings pursuant to 18 U.S.C. § 3006A(c). (Doc. 58 at 1.) Respondents have not opposed the motion.

Under 18 U.S.C. § 3006A(c), "a person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." A district court may determine on a case-by-case basis if it is appropriate for federal counsel to exhaust a claim in state post-conviction litigation in the course of her federal habeas representation. *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009).

Here, Petitioner acknowledges that Ground Four of the proposed amended petition is procedurally defaulted because the claim has not yet been raised in the state courts. (Doc. 58 at 8.) Petitioner intends to remedy the lack of exhaustion by incepting state post-conviction relief proceedings under Arizona Rule of Criminal Procedure 32.1(h). (*Id.*) Rule 32.1(h) permits a claim of actual innocence to be raised in a successive or otherwise untimely petition for post-conviction relief. Petitioner argues that it is appropriate for his federal counsel to represent him in this ancillary proceeding because his kidnapping conviction would be vacated if the state court grants relief, rendering further federal habeas proceedings moot. (Doc. 58 at 2.) Additionally, Petitioner does not have access to the necessary case precedent at the Arizona Department of Corrections, requiring the appointment of counsel to assert his claim of actual innocence "properly and intelligently." (Doc. 58 at 3.)

The Court finds that it is appropriate to appoint the Federal Public Defender's Office

to represent Petitioner in state court post-conviction proceedings to exhaust the claim of actual innocence raised in Ground Four of the proposed amended petition. Thus, the Court will grant the Motion to Appear.

### D. Motion to Strike

In his Reply in support of the Motion to Amend, Petitioner attached a sealed declaration from his child, D.J., the minor involved in the kidnapping conviction. (Doc. 64.) Respondents moved to strike the declaration under Federal Rule of Civil Procedure 12(f), arguing that it is immaterial and inappropriate. (Doc. 65 at 1–2.) Petitioner responded that the declaration is relevant and appropriate to rebut Respondents' contention that the victim in this case is interested in the finality of Petitioner's conviction—an interest that D.J. has rejected. (Doc. 66 at 2.)

As stated above, this Court does not have jurisdiction to consider Petitioner's Motion to Amend on the merits. Because the declaration is relevant only to the merits consideration of whether to grant leave to amend, the Court will deny the Motion to Strike as moot.

//
//
//

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion for Leave to Amend Petition for a Writ of Habeas Corpus (Doc. 57) is **DENIED**.

**IT IS FURTHER ORDERED GRANTING** a certificate of appealability with respect to the procedural grounds for the denial of the Motion to Amend as an unauthorized second or successive petition.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Authorization for Counsel to Appear in Ancillary State-Court Proceedings (Doc. 58) is **GRANTED**. Assistant Federal Public Defender Molly A. Karlin is hereby authorized to represent Petitioner in connection with those proceedings under 18 U.S.C. § 3006A(c).

**IT IS FURTHER ORDERED** that Respondents' Motion to Strike Declaration of D.J. (Doc. 65) is **DENIED** as moot.

Dated this 22nd day of November, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge